FILED
2026 Oct-08 AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAWANDA GREEN,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **Case No.: 2:26-cv-1315-MHH** |
| **AMAZON CORPORATION,** | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION AND ORDER**

On July 27, 2026, *pro se* plaintiff LaWanda Green filed her complaint in this matter against Amazon Corporation. (Doc. 1). On August 7, 2026, Ms. Green amended her complaint. (Doc. 4). The Court issued an order describing deficiencies in the amended complaint and ordered Ms. Green to file a second amended complaint to address the issues that the Court identified. (Doc. 7). On August 28, 2026, Ms. Green filed her second amended complaint against Amazon. (Doc. 8).

The Court begins this opinion with the legal standard that governs a district court's review of a *pro se* complaint under 28 U.S.C. § 1915. Then, consistent with that standard, the Court summarizes Ms. Green's factual allegations in the light most favorable to her. The Court then considers whether Ms. Green has stated a valid claim for relief in her complaints.

***

Under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), a federal court must dismiss a *pro se* action that "is frivolous or malicious" or "fails to state a claim on which relief may be granted." When reviewing a *pro se* complaint pursuant to § 1915, a district court must hold complaints written by *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, a district court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted). Generally, a district court accepts the factual allegations in a *pro se* complaint as true and construes the allegations in the light most favorable to the plaintiff, but a court must not accept unsupported legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts a plaintiff alleges "must allow [the Court] to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jastram v. NextEra Energy, Inc.*, 161 F.4th 693, 706 (11th Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678).

***

Ms. Green filed this action on July 27, 2026. (Doc. 1). The Clerk of Court randomly assigned the case to Magistrate Judge Borden. On August 7, 2026, Ms. Green filed her first amended complaint. (Doc. 4). On August 21, 2026, Judge

Borden dismissed Ms. Green's amended complaint and instructed her to replead. (Doc. 7). Judge Borden described the deficiencies in Ms. Green's amended complaint and provided guidance for repleading. (Doc. 7).

On August 28, 2026, Ms. Green amended her complaint. (Doc. 8). On September 16, 2026, Judge Borden entered a reassignment order. (Doc. 9). In the reassignment order, Judge Borden explained that Ms. Green's second amended complaint does not comply with prior court orders and does not cure many of the deficiencies in her earlier complaints. (Doc. 9). Because Amazon has not appeared in this case, Judge Borden could not obtain unanimous consent from all parties, so he directed the Clerk of Court to reassign the case to a district judge to address the deficiencies in the second amended complaint. The Clerk of Court randomly assigned the case to the undersigned judicial officer.

In her second amended complaint, Ms. Green has raised claims of employment discrimination against Amazon. (Doc. 8). Ms. Green alleges that Amazon violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. (Doc. 8, pp. 3-4).

Ms. Green is African American; she was born in 1980. (Doc. 8, p. 5). She states that she experiences anxiety and depression. (Doc. 8, p. 5). She claims that Amazon discriminated against her based on her race, gender, age, and disability.

(Doc. 8, p. 5). She alleges that Amazon's discriminatory conduct includes termination of employment, failure to accommodate her disability, unequal terms and conditions of employment, and retaliation. (Doc. 8, pp. 4–5). Ms. Green alleges that she has "faced discrimination and harassment in the hostile work environment [at] Amazon" and that she was "unlawfully fired as well as denied worker's compensation." (Doc. 8, p. 8). Ms. Green alleges that Amazon has "used their partnerships to bare [her] intentionally destitute, as well as their contacts, they have had funds that are legally [hers] denied." (Doc. 8, p. 8). Ms. Green adds that Amazon has:

> used BCI Technology as well as other technology and . . . their resources to have me locked out of my patient portal, [G]mail . . . [and] cell phones which were compromised and I was unable to use despite paying the bill[.] I was harassed, stalked, and even violated in my home[;] also reported to government officials as well as medical malpractice; the vandalism of my home and vehicle also reported as well; brain to brain / brain to computer interface also scientifically proven technology manipulation to cause mental breakdown.

(Doc. 8, p. 6).

Ms. Green indicates this is the second case she has filed on these facts:

> I filed charges against Amazon Corporation in Nov[ember] 2024 for discrimination[.] [T]he case was closed due to BCI Technology and me being locked out of my Gmail account[.] [I]t was reported to [G]oogle as well as Government officials[.] [I] refiled in March 2025[.] [T]he case was still ongoing until July 2026 when [I] filed in federal court myself with the right to sue as well as a retaliation charge.

(Doc. 8, p. 5). Ms. Green seeks $1,000,000.00 in monetary compensation. (Doc. 8,

p. 6).

***

In her second amended complaint, Ms. Green has not alleged sufficient facts to state a federal cause of action. She has not alleged facts to support her contention that Amazon discriminated against her in her employment, and she has not cured the deficiencies that the Court identified in previous orders. (Doc. 8, pp. 4–7). Ms. Green has not described why Amazon terminated her or how Amazon discriminated against her based on her personal characteristics. For this reason, Ms. Green's employment discrimination claims are undeveloped assertions "devoid of further factual enhancement" that warrant dismissal. *See Ashcroft*, 556 U.S. at 678.

Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege facts which, if proven, would entitle the plaintiff to relief. Under Rule 8(a)(2), these allegations must be in the form of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 10(b), a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." FED. R. CIV. P. 10(b). The Eleventh Circuit has explained that:

> Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."
>
> ….
>
> [W]e have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (footnotes omitted). Here, Ms. Green has not provided facts supporting her claims under "42 U.S.C. § 12210(c)," "Title 18 U.S.C. § 245," or "Title 18 U.S.C. § 241." (Doc. 9, p. 4). Ms. Green has not adequately identified a federal cause of action for "Hostile Work Environment and Obstruction of Justice." (Doc. 9, p. 4). Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See Iqbal*, 556 U.S. at 678. Ms. Green may not submit a "shotgun pleading."

Ms. Green's second amended complaint has not cured the deficiencies identified by Judge Borden in Ms. Green's first amended complaint. The Court dismisses Ms. Green's claims for the reasons stated in Judge Borden's prior orders. (Docs. 7, 9).

***

Accordingly, the Court dismisses Ms. Green's federal claims for failure to state a claim and for failure to follow court orders. The Clerk of Court shall please TERM all pending motions and close this case. The Clerk of Court shall please mail a copy of this order to the mailing address Ms. Green has provided.

**DONE** and **ORDERED** this October 8, 2026.

Madeline H. Haikala

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE